UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LEROY ARTHUR SANBORN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

Case No.  1:16-CV-41

HON. ROBERT J. JONKER

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner).  Plaintiff Leroy Sanborn seeks review of the Commissioner's decision denying his claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

### STANDARD OF REVIEW

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they

are supported by substantial evidence.  *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).  In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984).  The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference.  *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted).  This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff was forty-eight years of age on the date of the Administrative Law Judge's (ALJ) decision. (PageID.35, 80, 89.) He completed the ninth grade, and was previously employed as a tree trimmer. (PageID. 55, 57.) Plaintiff applied for benefits on September 20, 2012, alleging that he had been disabled since September 11, 2011, due to a broken back and sciatic nerve damage. (PageID.80, 89, 150–51.) Plaintiff's applications were denied on February 27, 2013, after which time he requested a hearing before an ALJ. (PageID.101–109, 112.) On March 11, 2014, Plaintiff appeared with his counsel before ALJ Dawn Gruenburg for an administrative hearing, with

testimony being offered by Plaintiff and a vocational expert (VE). (PageID.50–78.) On August 20, 2014, the ALJ issued her written decision that found Plaintiff was not disabled. (PageID.35–49.) On December 10, 2015, the Appeals Council declined to review the ALJ's decision, making it the Commissioner's final decision in the matter. (PageID.26–30.) Plaintiff subsequently initiated this action under 42 U.S.C. § 405(g).

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by his impairments and that he is precluded from performing past relevant work through step four.

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

ALJ Gruenburg determined Plaintiff's claim failed at the fifth step of the evaluation. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. (PageID.40.) At step two, the ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and sciatic nerve damage. (PageID.40.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (PageID.41.) At the fourth step, the ALJ determined Plaintiff retained the RFC based on all the impairments:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except that, the claimant can only occasionally climb stairs, but never ladders. The claimant can occasionally balance, stoop, kneel, crouch, and crawl, and should avoid concentrated exposure to hazards at the worksite. The claimant requires work that is free from fast-paced production rate or assembly line work, and would require stable/even flooring. The claimant requires the ability to alternative between sitting and standing "at-will," and should avoid concentrated exposure to extreme cold temperatures.

(PageID.41.) Continuing with the fourth step, the ALJ determined that Plaintiff was unable to perform any of his past relevant work. (PageID.41.) At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy that Plaintiff could perform given his limitations. *See Richardson*, 735 F.2d at 964. The VE testified that Plaintiff could perform the following work: manufacturing laborer (1,2000 Michigan jobs and 50,000 national jobs), machine tender (1,200 Michigan jobs and 45,000 national jobs), and inspector (1,500 Michigan jobs

and 60,000 national jobs). (PageID.73–75.) Based on this record, the ALJ found that Plaintiff was capable of making a successful adjustment to work that exists in significant numbers in the national economy. (PageID.45.)

Accordingly, the ALJ concluded that Plaintiff was not disabled from September 11, 2011, through August 20, 2014, the date of decision. (PageID.46.)

## DISCUSSION

At the administrative hearing, Plaintiff testified that he was impaired to an extent far greater than that recognized by the ALJ. He stated, for example, that he experienced back pain that would shoot down his right leg, that this pain was unbearable at times, and that "I just can't do nothing any more." (PageID.55.) He further testified that he could only sit for thirty minutes before having to get up and move around, and stand for fifteen to twenty minutes at one time. (PageID.63.) He also stated he does not do any lifting, and could do no household chores such as cleaning or cooking. (PageID.62, 64.) He concluded by noting he does nothing outside of the home, and that he had no social activities or hobbies anymore. (PageID.69.) Plaintiff's sole claim of error is that the ALJ failed to accord sufficient weight to his complaints..

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, may be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002). As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled." 20 C.F.R. §§ 404.1529(a), 416.929(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)); *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, a

5

claimant's assertions of disabling pain and limitation are evaluated under the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Id.* (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Id.* (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded. *See Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 780 (6th Cir. 1987). In fact, as the Sixth Circuit has stated, "[w]e have held that an administrative law judge's credibility findings are virtually

unchallengeable." *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (citation omitted).

Plaintiff begins his claim of error by providing an argument spanning over three pages regarding the applicable law in credibility determinations. (PageID.289–292.) It appears Plaintiff claims the ALJ imposed an unauthorized corroboration requirement when evaluating his allegations. Plaintiff's argument is without merit. As noted above, Plaintiff's statements regarding his alleged disabling impairments are insufficient, in and of themselves, to establish a disability. "An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability." *Cohen*, 964 F.2d at 529 (quoting 42 U.S.C. § 423(d)(5)(A)). "A claimant, however, may rely in part on her own testimony in combination with objective medical evidence in order to establish that she is disabled." *Id.*; *see also Shavers v. Sec'y of Health & Human Servs.*, 839 F.2d 232, 234–35 (6th Cir. 1987) (finding that objective medical evidence that confirms the existence of pain is required). Accordingly, Plaintiff's claim that the ALJ imposed an unauthorized corroboration requirement should be denied. *See also Simmons v. Comm'r of Soc. Sec.*, No. 1:11-CV-756, 2012 WL 2576784, at *6 (W.D. Mich. June 15, 2012), *report and recommendation adopted*, No. 1:11-CV-756, 2012 WL 2576087 (W.D. Mich. July 3, 2012) (reaching a similar conclusion).

Plaintiff proceeds to raise several other arguments surrounding the ALJ's credibility discussion. He next argues that the ALJ erred in using boilerplate language to discount the credibility of his allegations, and did not specify which evidence constituted her reasons for doubting the credibility of his allegations. (PageID.292.) Plaintiff is apparently objecting to the following paragraph in the ALJ's decision:

> After careful consideration of the evidence, the undersigned finds that
> the claimant's medically determinable impairments could reasonably

7

> be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(PageID.42.) As the Sixth Circuit has recognized, however, the "chief concern with the popularity [of this language] is the risk that an ALJ will mistakenly believe it sufficient to *explain* a credibility finding, as opposed to merely introducing or summarizing one." *Cox v. Comm'r of Soc. Sec.*, 615 F. App'x 254, 260 (6th Cir. 2015) (emphasis in original). Accordingly, the Sixth Circuit has found no violation of Social Security policy when the use of boilerplate credibility language is followed by a "thorough explanation elsewhere of [the ALJ's] reasons for doubting [the claimant's] account." *Forrest v. Comm'r of Soc. Sec.*, 591 F. App'x 359, 366 (6th Cir. 2014). Here, the ALJ did not solely discount Plaintiff's credibility using the above language; rather the ALJ also noted that:

> After careful consideration, the undersigned finds the claimant's statements regarding the severity of his back disorder to be only partially credible. Indeed, while his symptoms could reasonably cause some degree of functional loss, the degree of physical limitation [he] alleges is unsupported by the medical evidence. Although the claimant testified that [his] impairments prevent him from performing household chores and virtually all exertional activities, he advised Dr. Jiddou that he could lift approximately 15 pounds, sit for 30 minutes, and stand for 1 hour. The claimant also prepared an Adult Function Report, wherein he indicated that he is able to prepare meals, wash dishes and clothes, perform yard work, complete house repairs, drive a car, go shopping in stores, and occasionally go fishing. In addition, he reported considerable improvement in radicular symptoms with medication, and Dr. Lado noted that the claimant had full strength and intact sensation in his bilateral lower extremities. These considerations support a determination that the claimant retains the ability to perform a modified range of "sedentary" work activity. Moreover, the location, duration, frequency, and intensity of the claimant's alleged symptoms, as well as precipitating and aggravating factors, are adequately addressed an accommodated in the above residual functional capacity assessment.

(PageID.43.) Accordingly, there is no merit in Plaintiff's boilerplate argument. There is also no

merit in Plaintiff's argument that the ALJ did not specify which evidence constituted her reasons for discounting Plaintiff's allegations. (PageID.293–294.) As the above excerpt makes clear, the ALJ provided several specific reasons for doubting Plaintiff's allegations. These are specific enough to permit meaningful review.

Plaintiff next claims that the ALJ failed to explain why the reasons she listed supported her decision to discount the credibility of his allegations. (PageID.292, 294–297.) But the ALJ clearly noted that the severity of Plaintiff's complaints enjoyed no support in the record. (PageID.43.) For example, Plaintiff testified that he did no lifting, that there were no activities he could partake in, and that he no longer participated in any social activities or hobbies. (PageID.69.) The ALJ noted, however, that he had told his physician that he was able to stand for an hour, lift fifteen pounds, and sit for thirty minutes. (PageID.249.) The ALJ also found Plaintiff's function report, completed in November 24, 2012, to be inconsistent with his testimony. There, Plaintiff reported being able to do light house work such as doing dishes and laundry. (PageID.184.) He stated he could prepare meals, and use the microwave. (PageID.185.) He stated he would pick up the trash in his yard, go shopping, and do light house repairs. (PageID.185–186.) Contrary to Plaintiff's assertion, these activities are not immaterial. (PageID.296.) Moreover, the ALJ did not equate Plaintiff's ability to engage in these activities with the ability to perform full time work, but rather found them inconsistent with the severity of his allegations. It was entirely appropriate for the ALJ to do so. *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3) (listing a claimant's daily activities as a relevant factor when considering the intensity and persistence of a claimant's symptoms).

Plaintiff claims that any differences between his statements at the hearing and those made on his function report or to his physicians can easily be explained by the fact that his symptoms

were worse at the hearing than they were in the earlier reports. Plaintiff cites to two records in support of this assertion, only one dated before the hearing. (PageID.295.) In November 14, 2013, Plaintiff reported back pain that had developed into radiculopathy pain as well. Pain was made worse with activity. (PageID.277.) But there was no change in the nature of his symptoms. (PageID.277.) He had intact strength and sensation throughout, and was treated with a back brace and medication. (PageID.277.) In October, he had declined injections to treat his pain. (PageID.278.) By January 21, 2014, Plaintiff reported that the medication helped control his radicular symptoms well, and that his symptoms were very much improved. (PageID.278.) He had full strength in his lower extremities, and intact reflexes. (PageID.278.) True, he did report after the hearing on April 1, 2014, that he had increased pain in his back, but his physician found this to be a "somewhat new and more intense" pain. He still had intact strength and sensation. (PageID.279.) Thus it does nothing to resolve the inconsistency between Plaintiff's testimony and his earlier statements. The ALJ did not play doctor in noting the inconsistency between these records and Plaintiff's testimony.

In sum, the ALJ provided several reasons, supported by substantial evidence, for finding Plaintiff's testimony was not fully credible. Plaintiff's claim of error is denied.

## CONCLUSION

For the reasons discussed, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.

Date: October 7, 2016 /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE

10